This appeal is taken from the March 4, 1999 "Decision and Judgment" which grants partial summary judgment in favor of appellee on appellant's claims for bad faith and punitive damages. Appellee filed a motion to dismiss the appeal on the grounds that the March 4th decision is not a final appealable order.
We agree. If an order is not final and appealable pursuant to R.C. 2505.02, a court of appeals does not have jurisdiction to consider the matter. Revised Code 2505.02(B) states: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy * * *."
The only definition of a final order or judgment which could be applied to the March 4th decision is R.C. 2505.02(B)(1): "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment". A judgment which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. Pursuant to Civ.R. 54(B), a judgment is not final unless all of the claims have been fully adjudicated. Where all of the claims are not fully adjudicated, the judgment must contain the mandatory Civ.R. 54(B) language stating that there is no just reason for delay.
In the case, sub judice, appellant filed a complaint against appellee which alleges three causes of action: (1) appellee breached the parties' insurance contract thereby damaging appellant in the amount of Seven Thousand Five Hundred Dollars; (2) appellee's actions were made in bad faith which entitles her to damages and attorney fees; and, (3) appellee's bad faith actions entitles appellant to punitive damages. The March 4th decision resolves only the bad faith and punitive damages issues, but leaves the underlying contract claim unresolved. The decision does not contain the language required by Civ.R. 54(B) stating that the court finds no just reason for delay. In addition, a trial has been scheduled to resolve the remaining issues. Accordingly, we find that the March 4, 1999, decision is not a final appealable order, thus this Court does not have jurisdiction to consider the merits of the appeal. Appellee's motion to dismiss is granted.
Appeal DISMISSED. Costs to Appellant.
Abele, J. and Evans, J.: Concur
 _______________________________ Roger L. Kline Presiding Judge